IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WHITMAN, REQUARDT & ASSOCIATES, LLP, et al. | * |
| Plaintiffs, | * |
| vs. | *   Civil Action No. ADC-21-2107 |
| ARGO SYSTEMS, LLC, et al. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendants ARGO Systems, LLC ("ARGO") and the Hanover Insurance Company ("HIC") (collectively, "Defendants") move this Court to dismiss Plaintiffs' Whitman, Requardt & Associates, LLP ("WRA") and the United States of America for the use of WRA (collectively, "Plaintiffs") Complaint or, in the alternative, to stay the action pending resolution of the State Court Action ("the Motion"). ECF No. 15. Plaintiffs responded in opposition (ECF No. 16), and Defendants replied (ECF No. 17). After considering the Motion and responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein the Defendants' motion is DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a master Indefinite Delivery Indefinite Quantity Subcontract Agreement that WRA entered into with ARGO on December 2, 2014 based on an Indefinite Delivery Indefinite Quantity Agreement between ARGO and the Baltimore District of the United States Army Corps of Engineers. ECF No. 1 ¶¶ 8–9. ARGO was awarded the New VCP-1 Facilities in Fort Meade, Maryland Project on May 23, 2016. *Id.* ¶ 11. On June 17, 2016, ARGO secured a

1

performance bond from HIC with a liability limit of $19,955,407.92 through which HIC bound itself to the United States Government. *Id.* ¶¶ 12–13. On July 13, 2017, ARGO and WRA entered into a Task Order for WRA to provide architectural and engineering designs for the Project for a total of $1,587,139.84. *Id.* ¶¶ 14–15. ARGO was to pay WRA "within 10 business days of payment from the [Government]." *Id.* ¶ 18. In April 2018, WRA began performing services according to the Task Order, but ARGO eventually stopped making payments for services that had been performed and invoiced. *Id.* ¶¶ 16, 19. ARGO failed to pay WRA a total of $472,747.15 due for services performed under the agreement. *Id.* ¶ 20.

On April 20, 2021, ARGO then brought action in the Circuit Court of Anne Arundel County alleging breach of contract and professional negligence against WRA (the "State Court Action").[1] ECF No. 16 at 2; ECF No. 15 at 1. There is a pending motion to dismiss in the State Court Action, and discovery has not yet taken place. ECF No. 16 at 2, 9. On August 18, 2021, Plaintiffs brought the present action in this Court (the "Federal Court Action") alleging Breach of Performance Bond against ARGO and HIC (Count I); Breach of Contract against ARGO (Count II); and, as an alternative, Unjust Enrichment/Quantum Meruit against ARGO (Count III).[2] ECF No. 1. Plaintiffs' action related to the payment bond is brought pursuant to the Miller Act which vests exclusive jurisdiction with the United States District Courts. *See* 40 U.S.C. § 3133. On November 9, 2021, Defendants filed a Motion to Dismiss or, in the alternative, Motion to Stay pending resolution of the State Court Action. ECF No. 15.

---

[1] The State Court Action (case number C-02-CV-21-000534) is a public record accessible through the Circuit Court for Anne Arundel County. I may then properly take judicial notice of its existence in reviewing the Defendants' Motion under Rule 12(b)(6). *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

[2] On August 18, 2021, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings pursuant to Standing Order 2019-07. ECF No. 3. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 11.

2

## DISCUSSION

### A. Standard of Review

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. When considering a motion to dismiss a court must accept as true all factual allegations in the complaint, but not legal conclusions couched as factual allegations. *Id.* (citations omitted). If the Court determines that abstention is proper, the proper course is to stay the action, because the Court "generally may not subject [an action seeking damages] to 'outright dismissal or remand.'" *Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996)). *See Accohannock Indian Tribe, et al. v. Tyler et al.*, No. CV SAG-21-02550, 2021 WL 5909102, at *11 (D.Md. Dec. 14, 2021) (explaining the same).

### B. Defendants' Motion

Defendants seek dismissal of Plaintiffs' Complaint, or in the alternative, for the Court to stay the Federal Court Action pending resolution of the State Court Action. Defendants contend

that abstention is proper here because (1) a duplicative proceeding exists at the state court level, and (2) all balancing factors weigh in favor of abstention. ECF No. 15 at 3–6. Plaintiffs' action seeks damages, so the question before the Court is whether to stay the proceeding under the doctrine of abstention. *See Myles Lumber Co.*, 233 F.3d at 823.

"A district court has a duty to adjudicate a controversy properly before it." *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991). However, under exceptional circumstances, the Court may abstain from exercising federal jurisdiction "for reasons of wise judicial administration." *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. As such, the Court's task "is not to find some substantial reason for the *exercise* of federal jurisdiction," but rather "to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *vonRosenberg v. Lawrence*, 849 F.3d 163, 167 (4th Cir. 2017) (emphasis in original) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 460 U.S. 1, 25–26 (citations omitted)). *See Colorado River*, 424 U.S. at 813 ("Abstention from the exercise of federal jurisdiction is the exception, not the rule.").

The abstention inquiry starts with a "threshold question" of whether the State and Federal Court Actions are parallel. *U.S. Equal Emp. Opportunity Comm'n v. Phase 2 Invs. Inc.*, 333 F.Supp.3d 505, 514 (D.Md. 2018) (quoting *Barcoding, Inc. v. Genet*, Civ. No. JKB-11-2026, 2011 WL 4632575, at *3 (D.Md. Sept. 30, 2011)). Then, if the actions are parallel, the Court must determine whether "exceptional circumstances" exist to warrant abstention. *Gannett Co. v. Clark Const. Grp., Inc.*, 286 F.3d 737, 741 (4th Cir. 2002). Several factors are relevant to determine whether such exceptional circumstances are present, specifically:

4

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463–64. The should be looked at "holistically," with the balance weighing heavily "in favor of the exercise of jurisdiction." *vonRosenberg*, 849 F.3d at 168 (citing *Moses H. Cone*, 460 U.S. at 16). *See United States ex rel. Maharaj v. Est. of Zimmerman*, 427 F.Supp.3d 625, 643 (D.Md. 2019).

1. Whether the State and Federal Court Actions are Parallel

Defendants first contend that State and Federal Court Actions are parallel, in that they concern the same parties litigating the same issues in different forums. *See* ECF No. 15 at 4. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Min. Corp.*, 946 F.2d at 1073. "Overlapping legal theories and factual allegations are not enough" to show actions are parallel. *Phase 2 Invs.*, 333 F.Supp.3d at 514. The claims "cannot differ in scope or involve different remedies." *United States ex rel. Maharaj*, 427 F.Supp.3d at 643 (citing *vonRosenberg*, 849 F.3d at 168). The State Court Action, if parallel, must be "an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28. Any serious doubt that the State Court Action would resolve all of Plaintiffs' claims prohibits abstention. *See vonRosenberg*, 849 F.3d at 168 ("If there is any serious doubt that the state action would resolve *all* of the claims, 'it would be a serious abuse of discretion' to abstain." (emphasis in original) (citing *Moses H. Cone*, 460 U.S. at 28)).

Relevant here, the United States Court of Appeals for the Fourth Circuit has not yet opined on whether a federal court action involving a Miller Act claim can be parallel with a state court

action, and other district courts have not consistently addressed this question. Defendants rely on two cases in particular. First, in *U.S. ex rel. Walden Structures, Inc. v. T.B. Penick & Sons, Inc.*, the Southern District of California court stayed a proceeding where the federal and state complaints differed only in the presence of a Miller Act cause of action. No. 13-CV-0470 W JMA, 2013 WL 3832427, at *2 (S.D.Cal. July 23, 2013). And second, in *U.S. for Use & Ben. of Arrow Concrete Co. v. Ohio Farmers Ins. Co.*, the Southern District of West Virginia court similarly stayed an action where the plaintiff filed the federal civil action including the Miller Act to preserve its common law and statutory rights. 981 F.Supp. 443, 444–45 (S.D.W.Va. 1997) (citing the record). In contrast, other district courts have found that the Miller Act did present a different legal issue, and thus abstention was not proper. *See U.S. ex rel. ACCA Const. Servs., LLC v. F.A.S. Dev. Co.*, 304 F.Supp.2d 1359, 1363–64 (N.D.Ga. 2004) ("Allowing the case to proceed permits Plaintiff to have its Miller Act claim adjudicated in the only forum authorized to do so."); *see also U.S. for Pittman Mech. Contractors, Inc. v. Irvine & Assocs., Inc.*, 645 F.Supp. 845, 848 (E.D.Va. 1986) (denying a motion to abstain in part because the plaintiff could not file its Miller Act claim in the other forum).

Given that abstention is an "extraordinary and narrow exception" to this Court's duty, *see Chase Brexton*, 411 F.3d at 463, the Court is not convinced that Defendants have met their burden as the moving party to show that the State and Federal Court Actions are parallel within the meaning of the abstention doctrine. Plaintiffs asserted no affirmative claims in the State Court Action. ECF No. 16 at 2. Plaintiffs brought the present action seeking monetary damages, in contrast to the declaratory relief damages sought by ARGO in the State Court Action. *Id.* at 7. Plaintiffs allege breach of a performance bond under the Miller Act (a federal law), *see* 40 U.S.C. § 3233(b)(3), against ARGO and HIC, a non-party to the State Court Action. ECF No. 1 ¶¶ 21–

25. All of these factors indicate that the Federal Court Action is not parallel with the State Court Action within the strict definition required for abstention. While there may be overlapping factual allegations, the two actions advance different legal theories and seek different remedies. *See Phase 2 Invs.*, 333 F.Supp.3d at 514.

Defendants' reliance on the decisions from the Southern District of California and Southern District of West Virginia courts does not compel the "extraordinary" action of abstention in the present case. First, the decisions offer little applicable reasoning, because either the plaintiffs agreed that the proceedings were parallel or the court did not address the question of parallel proceedings. Moreover and most importantly, the plaintiffs in both cases had filed relevant cross- and counter-complaints in the parallel state court proceedings, thus their claims filed in federal court had been asserted, with the exception of the Miller Act claims. *See Walden Structures*, 2013 WL 3832427, at *1; *Arrow Concrete*, 981 F.Supp. at 444. In contrast, here, Plaintiffs did not assert their affirmative claims in the State Court Action, meaning that their claims will not necessarily be addressed by the resolution of the State Court Action. Defendants have failed to show that, as a threshold matter, the proceedings are parallel and warrant the application of the abstention doctrine.

2. Extraordinary Circumstances

Even assuming *arguendo* that the State and Federal Court Actions were parallel, the *Colorado River* factors still do not show that exceptional circumstances are present here to warrant abstention. Factor one is irrelevant here; factors two, five, and six weigh against abstention; and factors three and four are not persuasive.

Factor two—whether the forum is inconvenient—weighs against abstention. When a forum is not inconvenient it weighs against abstention. *See id.* Therefore, here, where the State and

Federal Court Actions are both brought in Maryland, the federal court forum is not inconvenient and weighs against abstention.

Factors five and six—whether federal law is implicated and whether the State Court Action is adequate to protect the parties' rights—weigh heavily against abstention. A claim under the Miller Act invokes federal law and must be brought in federal court, and Plaintiffs affirmative claims were not brought in state court. While the actions may have overlapping factual allegations, the resolution of the State Court Action may not address Plaintiffs' claims. Thus, these factors weigh heavily against abstention.

Factor three—the desirability of avoiding piecemeal litigation—both supports and opposes abstention and thus is not persuasive. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett Co.*, 286 F.3d at 744 (quoting *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir.1988)). However, the threat of inconsistent outcomes and judicial inefficiency are not alone sufficient to warrant abstention: instead, "retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly illsuited for resolution in duplicate forums." *Id.* Retaining jurisdiction is supported where the "risk of inconsistent results is also limited because Maryland substantive law" will govern both actions. *AMEX Assur. Co. v. Giordano*, 925 F.Supp.2d 733, 742 (D.Md. 2013). However, where "there can be no doubt that the issues raised in both proceedings are virtually identical and that the efforts of both courts are very likely to overlap," the factor may weigh in favor of abstention. *See Ackerman v. ExxonMobil Corp.*, 821 F.Supp.2d 811, 820 (D.Md. 2012), *aff'd*, 734 F.3d 237 (4th Cir. 2013).

Here, both the State and Federal Court Actions will apply the substantive law of Maryland, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), so there is less risk for inconsistent results beyond those inherent in parallel litigation. Moreover, Plaintiffs' claims do not exist in the State Court Action and thus some issues will not be identical. However, as Defendants contend, the matters will involve much of the same underlying facts and evidence, weighing in favor of abstention. ECF No. 15 at 5–6. As such, the third factor is not persuasive because it supports both abstention and retaining jurisdiction.

Finally, factor four—the order in which jurisdiction was obtained—is similarly not persuasive. This Court previously explained that factor four was "a wash" where the actions were at roughly the same stage of litigation and had only been filed four months apart. *See Phase 2 Invs.*, 333 F.Supp.3d at 516. Here, where the State Court Action was similarly filed four months prior to the Federal Court Action, and they are at similar stages (with motions to dismiss pending, and discovery not yet occurred), this factor is not persuasive.

Weighing these factors "with the balance heavily weighted in favor of the exercise of jurisdiction," Defendants have not shown that exceptional circumstances exist to warrant the rarity of abstention by this Court. *See Moses H. Cone*, 460 U.S. at 16.

### CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that Defendants have failed to show that the extraordinary action of abstention is warranted. Accordingly, Defendants' Motion (ECF No. 15) is DENIED. A separate order will follow.

Date: 21 December 2021

A. David Copperthite
United States Magistrate Judge